UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOYCE PHILLIPS, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner ) <br> of the Social Security Administration, ) <br> ) <br> Defendant. ) | 1:09-cv-764-SEB-DML |

**Entry Discussing Complaint for Judicial Review**

Joyce Phillips ("Phillips") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for Disability Insurance Benefits ("DIB") and of the partial denial of her application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq*.

For the reasons explained in this Entry, the Commissioner's decision must be **affirmed** and the plaintiff's motion to show injury in 1999 (dkt 29) must be **denied.**

**I. Background**

Phillips filed applications for SSI and DIB on November 8, 2004, alleging an onset date of disability of February 1, 2002. Her applications were denied initially and upon reconsideration. Her request for a hearing before an Administrative Law Judge ("ALJ") was granted and a hearing was conducted on February 26, 2008. Phillips appeared, accompanied by her non-attorney representative. Medical and other records were introduced into evidence. Phillips and a vocational expert testified at the hearing. The ALJ issued a partially favorable decision, denying DIB but awarding SSI benefits for a period of time, on September 9, 2008. On April 21, 2009, the Appeals Council denied Phillips' request for review, making the ALJ's decision final. *See Getch v. Astrue,* 539 F.3d 473, 480 (7th Cir. 2008). This action for judicial review of the ALJ's decision followed. The court has jurisdiction pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States."

The ALJ's decision included the following findings: (1) Phillips last met the insured status requirements of the Act on March 31, 2007; (2) Phillips had not engaged in substantial gainful activity since February 1, 2002, the alleged onset date; (3) Phillips had the following severe impairments: morbid obesity, hypothyroidism, hypertension, sleep apnea, osteoarthritis, and residuals from a right hip injury; (4) Phillips did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (5) Phillips had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with frequent lifting and carrying up to 10 pounds and occasional lifting and carrying up to 20 pounds, she could stand for two hours and sit for six hours of an eight hour workday, she must be able to have an option to alternate her sitting or standing position for 1 to 2 minutes each work hour, she was limited to no more than occasional stair climbing, ramp climbing, balancing, stooping, kneeling, crouching, or crawling, she was precluded from any climbing of ropes, ladders, or scaffolding, she must avoid working at unprotected heights or around dangerous machinery, she should avoid operating motor vehicles, working around open flames, and working around large bodies of water, and she was limited to work tasks which were simple and repetitive in nature; (6) Phillips was unable to perform any past relevant work; (7) Phillips was 45 years old on the alleged onset date of diability, which is defined in the regulations as a younger individual age 45-49, and on July 29, 2008, the established onset date, she was 49 years and 7 months old, which is within five months of attaining 50 years of age which is considered to be an individual closely approaching advanced age; (8) Phillips had a limited education and was able to communicate in English; (9) prior to July 29, 2008, transferability of job skills was not material to the determination of disability because using the Medical-Vocational Rules as a framework supported a finding that Phillips was "not disabled," whether or not she had transferable job skills, and beginning on July 29, 2008, Phillips had not been able to transfer any job skills to other occupations; (10) prior to July 29, 2008, the date Phillips' age category was considered to have changed, considering her age, education, work experience, and RFC, there were a significant number of jobs in the national economy that Phillips could have performed; (11) beginning on July 29, 2008, the date Phillips' age category was considered to have changed, considering her age, education, work experience, and RFC, there were not a significant number of jobs in the national economy that Phillips could perform; (12) Phillips was not disabled prior to July 29, 2008, but became disabled on that date and continued to be disabled through the date of the ALJ's decision; and 13) Phillips was not under a disability within the meaning of the Act at any time through March 31, 2007, the date last insured. With these findings in hand, and through the application of applicable rules and regulations, the ALJ concluded that based on the application for DIB protectively filed on November 8, 2004, Phillips was not disabled under the Act through March 31, 2007, the date last insured, and that based on the application for SSI protectively filed on November 8, 2004, Phillips was disabled under the Act beginning on July 29, 2008.

## II.  Discussion

### A.  Applicable Law

To be eligible for DIB and SSI, a claimant must prove she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). To establish disability, the plaintiff is required to present medical evidence of an impairment that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. §§ 416.908; 404.1508.

A five-step inquiry outlined in Social Security regulations is used to determine disability status. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351-52 (7th Cir. 2005).

> The ALJ must consider whether: (1) the claimant is presently employed; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520, 416.920. A finding of disability requires an affirmative answer at either step three or step five.

*Id*. The claimant bears the burden of proof at steps one through four, and at step five the burden shifts to the Commissioner. *Id.* at 352.

The task a court faces in a case such as this is not to attempt a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision is supported by substantial evidence and otherwise is free of legal error. *Kendrick v. Shalala,* 998 F.2d 455, 458 (7th Cir. 1993). "Substantial evidence" has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229 (1938)).

### B. Analysis

#### 1. Motion to Show Injury in 1999

Phillips filed a motion to show injury in 1999 (dkt 29), attached to which she submitted additional medical records. She alleges that she applied for disability benefits in 2001 due to her leg and hip injury which she suffered in 1999. She now seeks back pay based on that prior application and evidence.

Phillips has tendered the following additional evidence:

1) a record of Phillips' visits to Columbus Regional Hospital from May 1996 through July 1997;
2) Family Practice Notes of Dr. Sharpe from October and November, 1999;

3

  3)  x-ray impressions dated October 29, 1999, of lumbosacral spine and pelvis;
  4)  emergency room notes dated August 15, 1996; and
  5)  various doctor and hospital records from 1996 and 1997.[1]

  The court has treated Phillips' motion as a request to reopen her 2001 application for disability benefits. The ALJ's decision acknowledges that Phillips had applied for DIB and SSI in September 2003 and March 2004, at which time she alleged an onset date of February 1, 2002. (R. at 14). The ALJ noted that Phillips did not exhaust her administrative remedies with respect to those applications, and she submitted to the ALJ no new evidence which would warrant a reopening of those prior determinations. The ALJ concluded that the earliest Phillips could be determined to be disabled would be July 15, 2004, the day after the latest denial associated with her past applications. (R. at 14). Phillips does not mention her 2003 or 2004 applications, but now seeks to reopen an application she states she filed in 2001.

  The court's power to review social security claims is derived solely from 42 U.S.C. § 405(g), and a discretionary refusal to reopen a claim is not a "final decision" within the meaning of 405(g). "[A] decision whether to reopen a case is not subject to judicial review." *Diaz v. Chater*, 55 F.3d 300, 305 n.1 (7th Cir. 1995) (citing *Califano v. Sanders*, 430 U.S. 99, 107-08, (1977); *Bolden for Bolden v. Bowen*, 868 F.2d 916, 918 (7th Cir.1989)). *See also Campbell v. Shalala*, 988 F.2d 741, 745 (7th Cir.1993) ("Federal courts, however, lack jurisdiction to review agency decisions declining to reopen previous determinations except for those refusals having constitutional implications."). Here, no constitutional violation is alleged to have occurred when the ALJ declined to reopen the 2003 and 2004 decisions. The court cannot review the decision to not reopen the earlier applications, nor can the court consider in the first instance Phillips' request to reopen an even older application from 2001. In sum, Phillips' motion to show injury in 1999 (dkt 29) must be **denied.**

  **2.  Judicial Review of 2004 Applications**

  In this case, the ALJ determined that Phillips had severe physical impairments, but that prior to July 29, 2008, she could perform some jobs that existed in significant numbers in the national economy. Phillips contends that the ALJ's decision that she was not disabled prior to July 29, 2008, is not supported by substantial evidence.

  Phillips argues that her hip was injured in 1999 and that the ALJ failed to address this injury. She states that Dr. Thomas opined in 2003 that Phillips was suffering from a hip condition. She also notes that her right hip was examined at the Open Door Clinic and that it contributed to her depression, as documented by Ceola Berry in 2005.

---

  [1]Phillips' motion, with newly submitted evidence, might be treated as a request for remand pursuant to sentence six, however, such a request would properly be supported with new, material evidence which, for good cause, Phillips could not have presented earlier. 42 U.S.C. § 405(g); *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005); *Richmond v. Chater*, 94 F.3d 263, 268 (7th Cir.1996). Attached to Phillips' motion are records dating from 1996, 1997, and 1999, and are under no circumstances "new" or "material" records. Accordingly, the court does not construe Phillips' motion to show injury in 1999 as a motion to remand pursuant to sentence six, and even if it did, such motion would be denied.

Phillips further contends that in determining the July 2008 onset date, the ALJ failed to consider her morbid obesity, her extensive uterus problems and her depression. She is aware that she was not found eligible for DIB because the ALJ concluded that her onset date was after March 31, 2007, the date her insured status expired. She states in her brief that all of the evidence (other than the consultative RFC reports completed by physicians who "only gave me a five minute examination" and "looked at no other of my medical records"), "really shows that I was unable to perform any kind of work."

In response, the Commissioner points out that every physician of record who examined Phillips or reviewed her medical records opined that Phillips was not disabled and that she could perform a range of light level jobs. Moreover, each of the physicians noted and considered Phillips' obesity when evaluating her ability to perform exertional activities.

The ALJ specifically considered Phillips' hip condition, obesity and general deconditioning. (R. at 20-21). As a result, the ALJ included provisions in his RFC assessment such as restricting Phillips from frequent lifting and carrying of more than 10 pounds. *Id.* The ALJ acknowledged Phillips' own reports that she had difficulty climbing stairs, and therefore the ALJ restricted her to no more than occasional stair climbing, ramp climbing, balancing, stooping, kneeling, crouching, and crawling. (R. at 19-20). The ALJ took into account the single paragraph letter from treating physician Dr. Greist dated February 12, 2008 (R. at 533), which noted Phillips' history of obesity, osteoarthritis, and right hip pain after a fall in 1999, and stated that Phillips now had difficulty standing for long periods of time. (R. at 19). Based on that evidence and Phillips' own statements, the ALJ limited her to standing 2 hours in an 8 hour workday. *Id.*

As far as Phillips' depression is concerned, the ALJ discussed four functional areas (activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation) and determined that Phillips had only mild limitations in any of them. (R. at 18). Psychologist Ceola Berry conducted a mental status examination on April 9, 2005, and opined that Phillips had reported mild depression. (R. at 249). Although the ALJ concluded that Phillips' psychological impairments were non-severe, he nonetheless recognized that she had undergone significant intermittent situational stressors, and limited her to performing only simple and repetitive tasks. (R. at 19, 21).

The ALJ did not ignore any significant evidence, nor did he fail to evaluate Phillips' impairments and fairly incorporate his findings into his RFC assessment. The ALJ properly considered and weighed the reports of examining physicians and Phillips' own statements. The ALJ posed a hypothetical question to the vocational expert which assumed limitations which were part of the ALJ's RFC assessment, and the expert opined that there were a significant number of assembler, pari-mutual ticket checker and telephone quotation clerk jobs in the State of Indiana that Phillips could perform. (R. at 22, 562-63).

Even though Phillips did not turn 50 (which is the age considered to be "closely approaching advanced age") until December 29, 2008, the ALJ generously determined that as of July 29, 2008, Phillips' age category changed and reached the level specified in the

5

Medical-Vocational guidelines that qualified her as "disabled" for purposes of the Act. (R. at 22). The ALJ applied the higher age category after having considered the "overall impact of all factors" in Phillips' case, including her completion of only the eighth grade, and her limitation to only a range of sedentary work. *Id.* This flexible application of the Medical-Vocational guidelines resulted in Phillips' being found disabled as of July 29, 2008, which was enough to entitle her to SSI benefits, but not to DIB benefits, because her insured status for DIB purposes had expired over a year earlier. (R. at 21-23).

As noted, the court's role in this case is not to attempt a *de novo* determination of Phillips' entitlement to benefits, but to decide if the Commissioner's decision was supported by substantial evidence. If the ALJ's view of the evidence is supported by substantial evidence, the court must affirm the decision. "In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether [the claimant] is disabled, we must affirm the ALJ's decision denying benefits." *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007) (internal quotation omitted). The court is "not allowed to displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). The court cannot reweigh the evidence, including the opinions of treating and non-examining physicians.

"An ALJ's findings are supported by substantial evidence if the ALJ identifies supporting evidence in the record and builds a logical bridge from that evidence to the conclusion." *Giles v. Astrue*, 483 F.3d 483, 486 (7th Cir. 2007). In this case, the ALJ sufficiently articulated his assessment of the evidence to enable the court to "trace the path of [his] reasoning." *Hickman v. Apfel,* 187 F.3d 683, 689 (7th Cir. 1999) (internal quotation omitted). Accordingly, because substantial evidence supports the ALJ's evaluation of Phillips' impairments, the ALJ's decision must be affirmed.

### III.  Conclusion

There was no reversible error in the assessment of Phillips' applications for DIB and SSI. The final decision of the Commissioner that Phillips was not eligible for DIB but was eligible for SSI beginning on July 29, 2008, is supported by substantial evidence and is not tainted by legal error. Under these circumstances, Phillips is not entitled to relief in this action. Judgment consistent with this Entry shall now issue.

Phillips' motion to show injury in 1999 (dkt 29) is **denied.**

**IT IS SO ORDERED.**

Date:  08/17/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana